UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAI HUNTE,

                      Plaintiff,                    Caso No.  1:25-cv-8371

   -against-

66 PEARL STREET, LLC,

                                       **COMPLAINT AND DEMAND**
                Defendants                   **FOR JURY TRIAL**
------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendant 66 Pearl Street, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     This lawsuit challenges systemic and ongoing disability discrimination perpetrated by the defendant. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages, attorney's fees, and costs, arising from violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., its implementing regulations, the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107.

2.     The defendant owns, operates, and controls a place of public accommodation that is not in compliance with these statutes. Defendant is legally accountable for the actions and omissions of its agents and employees in maintaining the premises in a discriminatory and inaccessible state. Defendant made a calculated business choice to disregard well-established accessibility requirements, operating under the assumption it could avoid accountability. In doing so, defendant effectively excluded individuals with disabilities from equal participation. This lawsuit demands that defendant's establishment be brought into

1

compliance so plaintiff and other persons with disabilities may enjoy the same access afforded to nondisabled patrons.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law concerning the deprivation of plaintiff's rights under the ADA. The Court also has supplemental jurisdiction over the state and local law claims under 28 U.S.C. § 1367(a).

4. Venue lies in this District under 28 U.S.C. § 1391(b) because the acts of discrimination alleged herein took place within this District, and the subject facility is located here.

## PARTIES

5. Plaintiff is a resident of Queens County, New York. In 2010, plaintiff sustained a T4 spinal cord injury in a motorcycle accident, resulting in complete paralysis below the mid-back and loss of use of both legs. He uses a manual wheelchair for mobility and drives independently using a car outfitted with hand controls.

6. Defendant 66 Pearl Street, LLC owns and operates the subject premises located at 66 Pearl Street, New York, NY 10004 (the "Premises"). At all relevant times, defendant has done business in New York State and has operated the Premises as a place of public accommodation.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant is a public accommodation within the meaning of 42 U.S.C. § 12181

and 28 C.F.R. § 36.104, as well as under New York State Executive Law § 292(9) and N.Y.C. Administrative Code § 8-102(9). The Premises is privately operated and its operations affect commerce.

8. At defendant's restaurant, numerous architectural barriers exist that deny access to individuals with disabilities. Upon information and belief, the Premises was constructed or first occupied after January 26, 1993. Further, alterations were made at various points after January 1992, including changes to areas adjacent to or within the facility.

9. Upon information and belief, portions of the Premises were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each altered area, along with the associated paths of travel, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations took place, compliance was required with either the 1991 ADA Standards for Accessible Design (for alterations completed prior to March 15, 2012) or the 2010 ADA Standards for Accessible Design (for alterations on or after March 15, 2012). In either case, the only permitted defense is technical infeasibility. To the extent the altered areas do not conform to applicable standards, they remain in violation of Title III.

10. Plaintiff regularly travels within New York City, including the neighborhood where the Premises is located, for dining, socializing, shopping, and other everyday activities. Despite his paralysis, plaintiff is able to independently travel thanks to a vehicle with hand controls.

11. On or about August 8, 2025, plaintiff attempted to patronize defendant's restaurant, which had been advertised as a new and popular establishment offering Asian-inspired cuisine. Plaintiff specifically wished to try dishes including tiger shrimp and bao.

When he arrived, however, barriers at the entrance blocked his access. Plaintiff was confronted with steps at the main entrance and no way to alert staff inside for assistance. This denial caused plaintiff to feel humiliated and singled out because of his disability. Plaintiff remains aware that these barriers are still present today, and intends to return once the facility is made accessible.

12. The Premises is located less than an hour from plaintiff's residence. The features, services, and spaces offered at the facility are not accessible to or usable by plaintiff as required under the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A (1991 Standards), and the 2010 Standards for Accessible Design. Defendant's restaurant has not been designed, constructed, or altered in compliance with these federal requirements, nor with the New York City Administrative Code, the Building Code of the City of New York, or the 2014 New York City Construction Code.

13. Barriers that plaintiff encountered, and that continue to exist, include but are not limited to:

a. **Inaccessible entrance and lack of accessible route.** Steps at the front entrance bar access for wheelchair users. No ramp or alternative accessible route was provided, and no accessible means of egress existed. This violates 28 C.F.R. Part 36, including §§ 206 (accessible routes), 206.4 (entrances), 402 (accessible routes), 404 (entrance doors and doorways), and 303–406 (changes in level and ramp requirements).

b. **Inaccessible dining tables.** The interior dining area lacks tables that provide the required knee and toe clearance. A sufficient number of accessible dining surfaces is not provided. This violates 28 C.F.R. Part 36, including §§ 902.2–902.3 (dining surfaces), 305 (clear floor space), and 306 (knee and toe clearance).

c. **Inaccessible bar.** The bar surface exceeds the maximum permissible height and lacks proper knee and toe clearance. A portion of the bar that meets accessibility requirements has not been provided. This violates 28 C.F.R. Part 36, including §§ 902.2–902.3 (dining and work surfaces), 305 (clear floor space), and 306 (knee and toe clearance).

14. The above list is not exhaustive. Plaintiff believes a full inspection will uncover additional violations of the ADA and local codes. A comprehensive inspection is necessary to identify and correct all barriers, so that piecemeal litigation can be avoided. Plaintiff intends to amend this Complaint to include any additional violations discovered during such an inspection.

15. Defendant's actions and omissions have denied plaintiff the ability to participate in and benefit from the goods and services offered at the Premises. Defendant has failed to implement policies, practices, or procedures to ensure compliance with disability rights laws and has not provided reasonable modifications to individuals with disabilities.

16. Plaintiff faces an ongoing and credible risk of continued discrimination because the barriers remain. He frequently travels to the area where the restaurant is located and intends to visit multiple times once the facility is fully compliant, as the venue offers a unique dining experience he cannot now enjoy.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

17. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

18. Plaintiff is substantially limited in the major life activities of walking and body movement, and therefore qualifies as an individual with a disability under the ADA. As a result

of his spinal cord injury, plaintiff relies on a wheelchair for mobility and has restricted range of motion.

19. The ADA imposes joint and several liability on both the owner and the operator of a public accommodation. Under 28 C.F.R. § 36.201(b), each bears responsibility and neither may avoid liability by contract or lease. Defendant, as owner and operator of the Premises, is accordingly fully liable for compliance.

20. Defendant has subjected plaintiff to discrimination by denying him the full and equal enjoyment of the restaurant because of his disability. The policies and practices in place have disparately impacted plaintiff and other individuals with disabilities.

21. By failing to comply with applicable design standards, defendant has signaled to disabled persons, including plaintiff, that they are unwelcome and unworthy of equal treatment. The facility has been designed, constructed, or altered in a manner that is not readily accessible to and usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

22. The restaurant remains inaccessible and fails to provide an integrated, equal setting for patrons with disabilities, contrary to 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

23. Upon making alterations, defendant was required to ensure accessibility to the maximum extent feasible, but failed to do so in violation of 28 C.F.R. §§ 36.402 and 36.406. Likewise, by failing to make the paths of travel to the primary function areas accessible, defendant violated 28 C.F.R. § 36.403. Section 36.406 requires that facilities and elements altered be made compliant with the 2010 Standards, yet the Premises does not meet those requirements.

24. Defendant has also failed to remove existing barriers where it is readily

achievable to do so, violating 28 C.F.R. § 36.304 and 42 U.S.C. §§ 12182(a), (b)(2)(A)(iv). In the alternative, defendant has not provided equivalent facilitation or reasonable alternatives as required under 28 C.F.R. § 36.305.

25. Defendant's refusal to comply amounts to a continuing pattern and practice of discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36.

26. In sum, defendant maintains a place of public accommodation that remains inaccessible to wheelchair users like plaintiff, in ongoing violation of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

27. Plaintiff repeats and incorporates the preceding allegations as if fully set forth herein.

28. Plaintiff suffers from medical conditions that substantially impair the functions of his body, specifically the ability to walk and maintain normal body motion. As such, he is an individual with a disability as defined under the New York State Executive Law § 296(21).

29. Defendant has subjected plaintiff to unequal treatment by denying him the same opportunity to access and use its public accommodation solely because of his disability.

30. By maintaining and operating a restaurant that is not accessible, defendant has violated New York State Executive Law § 296(2). Defendant's actions and omissions also constitute aiding and abetting in the commission of disability discrimination.

31. Defendant has not taken readily achievable steps to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii). In the alternative, defendant has failed to provide reasonable alternatives to barrier removal, in violation of Executive Law § 296(2)(c)(iv).

32. It would be readily achievable to make the restaurant fully compliant with

accessibility requirements, and doing so would not create an undue hardship or burden on defendant.

33. As a direct and proximate result of defendant's unlawful conduct, plaintiff has experienced and continues to experience emotional distress, including humiliation, embarrassment, anxiety, and stress.

34. Plaintiff has sustained and will continue to sustain damages, the amount of which will be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

35. Plaintiff repeats and incorporates the prior allegations as though fully set forth herein.

36. Plaintiff's medical condition substantially impairs his ability to walk and maintain normal range of motion, qualifying him as a person with a disability under N.Y.C. Administrative Code § 8-102(16).

37. The Local Civil Rights Restoration Act of 2005 ("Restoration Act"), also known as Local Law 85, clarified that the New York City Human Rights Law must be construed independently and more broadly than its federal and state counterparts. The Restoration Act mandates that its provisions be interpreted liberally to achieve its uniquely remedial purpose, regardless of whether federal or state civil rights laws with similar language are more narrowly construed. See Restoration Act § 7, amending Administrative Code § 8-130.

38. Defendant has subjected plaintiff to both disparate treatment and disparate impact by refusing and denying equal access to its public accommodation because of his disability, in violation of Administrative Code § 8-107(4). Defendant has further aided and

abetted others in committing disability discrimination.

39. By designing, constructing, maintaining, and operating an inaccessible commercial facility, defendant has engaged and continues to engage in discriminatory conduct prohibited by the Administrative Code.

40. As a direct result, plaintiff has endured humiliation, embarrassment, and emotional distress. Defendant's ongoing refusal to make its restaurant accessible was intentional, egregious, and carried out with reckless disregard for plaintiff's rights under city law.

41. By maintaining noncompliant premises for years, defendant has effectively declared to individuals with disabilities that they are not welcome. Defendant has profited from this discrimination by continuing to operate and collect revenue from an inaccessible facility, while avoiding the costs of compliance. Under Administrative Code § 8-502, plaintiff is entitled to punitive damages to punish this conduct and deter future violations, and defendant's unlawful gains must be disgorged with interest.

42. Plaintiff has suffered and will continue to suffer damages in an amount to be established at trial.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

43. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

44. Defendant has engaged in disability-based discrimination against plaintiff in violation of the New York State Executive Law. As a result of this discriminatory conduct, plaintiff is entitled to recover the statutory penalties provided under New York Civil Rights Law §§ 40-c and 40-d for each violation committed by defendant.

**INJUNCTIVE RELIEF**

45.     Plaintiff will continue to face unlawful discrimination as long as defendant fails to comply with federal, state, and city accessibility requirements. Injunctive relief is therefore necessary to compel defendant to alter its facility, operations, practices, and procedures so that they are brought into compliance with the law.

46.     An injunction is required to make the Premises readily accessible and usable by plaintiff in accordance with the ADA, the New York State Executive Law, and the New York City Administrative Code. Such relief must also require defendant to provide auxiliary aids and services, modify policies, and adopt alternative methods where needed to ensure accessibility.

**DECLARATORY RELIEF**

47.     Plaintiff is entitled to a declaratory judgment concerning the accessibility violations committed by defendant. Such relief should specify the changes required to bring the Premises, its goods and services, and defendant's practices and policies into compliance with the ADA, state law, and city law.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

48.     To enforce his rights, plaintiff has retained legal counsel. Plaintiff is entitled to recover reasonable attorney's fees, expenses, and costs under 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendant, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendant to close and cease all business** until defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendant to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendant for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: October 9, 2025

       Manhasset, New York

11

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com